**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:09-CV-9-RJC-DCK**

| | | |
|---|---|---|
| **JESSICA MARURI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM AND** |
| **v.** | ) | **RECOMMENDATION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's "Motion For Judgment On

The Pleadings" (Document No. 8) and "Memorandum Of Law In Support Of Plaintiff's Motion For

Judgment On The Pleadings" (Document No. 8-2), filed May 14, 2009; and Defendant's "Motion

For Judgment on The Pleadings" (Document No. 9) and Defendant's "Memorandum In Support Of

The Commissioner's Decision" (Document No. 10), filed July 13, 2009; and Plaintiff's "Reply

Memorandum Of Law In Support Of Plaintiff's Motion For Judgment On The Pleadings"

(Document No. 12) filed July 27, 2009. This case has been referred to the undersigned Magistrate

Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable

authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On

The Pleadings" be underlined denied; Defendant's "Motion for Judgment on the Pleadings" be denied; and

that the Commissioner's decision be vacated and this matter be remanded for further consideration.

## I. PROCEDURAL HISTORY

Plaintiff Jessica Maruri ("Plaintiff"), through counsel, seeks judicial review of an

unfavorable administrative decision on her application for disability benefits. On April 3, 2006,

Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability to work due to a disabling condition beginning March 3, 2006. (Transcript of the Record of Proceedings ("Tr.") 17). The Commissioner of Social Security ("Commissioner" or "Defendant") denied Plaintiff's application initially on June 22, 2006, and again after reconsideration on January 28, 2008. (Tr. 17). Plaintiff filed a timely written request for a hearing on August 16, 2006. On March 27, 2008, Plaintiff appeared and testified at a hearing before Administrative Law Judge Clinton C. Hicks ("ALJ"). (Tr. 17). On or about September 29, 2008, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 14).

Plaintiff filed a request for review of the ALJ's decision on October 3, 2008, which was denied by the Appeals Council. (Tr. 6). The September 29, 2008 decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request on November 20, 2008. (Tr. 6).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 9, 2009. (Document No. 1). The pending motions are now ripe for disposition.

## II.  STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971);  and (2) whether the Commissioner applied the correct legal standards.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990);  see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is

supported by substantial evidence. <u>Hays</u>, 907 F.2d at 1456 (4th Cir. 1990); <u>see also</u>, <u>Smith v. Schweiker</u>, 795 F.2d 343, 345 (4th Cir. 1986); <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Smith v. Heckler</u>, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting <u>Perales</u>, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. <u>Hays</u>, 907 F.2d at 1456; <u>King v. Califano</u>, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); <u>Seacrist v. Weinberger</u>, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. <u>Lester v. Schweiker</u>, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between March 3, 2006, and the date of his decision.[1] To establish entitlement to benefits, Plaintiff has the burden of proving that she was

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. <u>Pass v. Chater</u>, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On September 29, 2008, the ALJ found that Plaintiff was not "disabled" at any time between March 3, 2006, and the date of his decision. (Tr. 17). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. (20 C.F.R. § 404.1520(a)). The five steps are:

(1)     whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2)     whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3)     whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4)     whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5)     whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

(20 C.F.R. § 404.1520(a)(4)(i-v)). In this case, the ALJ determined at the fourth step that the Plaintiff was <u>not</u> disabled.

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity after her alleged disability onset date. (Tr. 19). At the second step, the ALJ found that Plaintiff's fibromyalgia, cervical, thoracic and lumbar disc protrusions with nerve root encroachment status post a motor vehicle accident, myofaxcial pain, depression and anxiety were severe

4

impairments.  (Tr. 19).[2]  At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1.  (Tr. 22).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> lift/carry 10 pounds occasionally; stand/walk for one hour in an eight hour day; option to alternate between sitting for one hour and standing in 30 minute increments; walking one block, no climbing ladders, ropes or scaffolds and which requires climbing stairs occasionally.

(Tr. 23).  In making his findings, the ALJ considered the evidence in the light most favorable to the Plaintiff, and acknowledged the Plaintiff has some limitations due to her impairments.  (Tr. 27).

At the fourth step, the ALJ found that Plaintiff could perform her past relevant work.  (Tr. 27-28).  Based on the foregoing, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 3, 2006, and the date of his decision, September 29, 2008.  (Tr. 28).

Plaintiff on appeal to this Court makes the following assignments of error:  (1) the ALJ failed to properly apply the treating physician rule;  (2) relied upon flawed vocational expert testimony; and (3) failed to properly evaluate Plaintiff's credibility.  (Document No. 8-2).  In this instance, the undersigned finds that Plaintiff's assignments of error have merit -- particularly as they relate to the testimony of the vocational expert -- and will therefore recommend that the ALJ's decision be

---

[2]  The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage.  See Bowen v. Yuckert, 482 U.S. 137 (1987).

vacated and that this matter be remanded for further consideration. Given this recommended disposition, the undersigned finds it unnecessary to address all of Plaintiff's arguments at this time.

Plaintiff challenges the ALJ's hypothetical to the VE alleging that improper weight was given to numerous sources of record and that the hypothetical presented specifically failed to include any reference to Plaintiff's mental limitations. Plaintiff accurately notes that a "hypothetical to a VE is defective if it does not include all of the recognized limitations." (Document No. 12, p.4)(citing Hines v. Barnhart, 453 F.3d 559, 566 (4th Cir. 2006) and quoting Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989)("In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record, and it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments.")). "The purpose of bringing in a vocational expert is to assist the ALJ in determining whether there is work available in the national economy which this particular claimant can perform." Walker, 889 F.2d at 50.

The ALJ determined that Plaintiff's severe impairments included depression and anxiety. (Tr. 19). In reaching that determination, the ALJ noted that Dr. Richard Mays, a consultative psychologist, concluded in June 2006 that Plaintiff had a major depressive disorder and a panic disorder. (Tr. 20-21). The ALJ further noted that Mary Jane McGill, Plaintiff's mental health counselor, reported in September 2007 that Plaintiff had been diagnosed with mental health depression and post traumatic stress disorder. (Tr. 21). As discussed above, the ALJ determined at the third step of his evaluation that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 22). The ALJ then concluded that "claimant has mild restrictions in activities of daily living and social functioning and moderate restrictions in concentration, persistence and

pace." (Tr. 22). The ALJ specifically opined that "the following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the . . . mental function analysis;" however, the RFC failed to include any limitation related to mental function. (Tr. 22-23).

In this case, the ALJ relied on the VE to determine at step four that Plaintiff could return to her past relevant work. (Tr. 27-28). As in <u>Walker</u>, the ALJ here "did not ask questions that ensured that the vocational expert knew what the claimant's abilities and limitations were." <u>Walker</u>, 889 F.2d at 51. The ALJ's decision acknowledges that a

> vocational expert may offer relevant evidence within his or her expertise of knowledge concerning the physical and mental demands of a claimant's past work, . . . [and] may offer expert testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by claimant's medical impairments can meet the demands of the claimant's past work

However, the record shows that the ALJ failed to pose any hypotheticals, and the VE offered no testimony, regarding the mental demands of Plaintiff's past work or Plaintiff's mental limitations. (Tr. 27-28, 456-464). Although the ALJ had concluded that Plaintiff had mild limitations in activities of daily living and social functioning, and moderate limitations in concentration, persistence, and pace, he did not address these limitations with the VE.

Although it may well be that Plaintiff will be unable to meet her burden of proving she is disabled from all work, "the court is constrained to conclude that the ALJ did not sufficiently develop the factual record at step four of the analysis under the dictates of SSR 82-62 to allow meaningful judicial review." <u>Rector v. Astrue</u>, 2010 WL 1901777 at *8 (W.D.Va. May 11, 2010).

> for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed,

precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." SSR 82-62. . . . Here, the ALJ failed to develop the factual basis for determining that [Plaintiff] could return to her previous work. The ALJ's conclusory determination that [Plaintiff] could return to her past relevant work is devoid of the specificity and careful analysis required by SSR 82-62. While there was VE testimony briefly categorizing the work done by [Plaintiff] in terms of its physical exertional levels, no effort was made to assess the mental demands of such work, nor was there any question posed to the VE as to whether a person with [Plaintiff's] impairments could return to such work. Given the absence of any such evidence, the ALJ's purported reliance on the VE's nonexistent testimony is plainly insufficient under SSR 82-62, precludes meaningful judicial review, and does not rise to the level of substantial evidence.

Id. See also McGhee v. Astrue, 2010 WL 2342419 at *14-15 (W.D.Va. 2010)(remand recommended where ALJ's mental health residual functional capacity finding and VE hypotheticals failed to incorporate a moderate mental health limitation).

The undersigned further notes that in this case there was additional evidence presented to the Appeals Council, including a Psychiatric Impairment Questionnaire where Ms. McGill observed that Plaintiff was markedly limited in several areas of functioning, that was not available to the ALJ. (Tr. 9, 426-433). The Appeals Council found that this additional information did not provide a basis for changing the ALJ's decision. (Tr. 7). According to the Psychiatric Impairment Questionnaire, Plaintiff was markedly limited in numerous activities that would likely affect her ability to work. (Tr. 426-433). "Markedly limited" was defined as "effectively preclud[ing] individual from performing the activity in a meaningful manner." (Tr. 429). Contrary to the Appeals Council's decision, the undersigned is not convinced that the additional evidence could not have changed the ALJ's decision, or the VE's opinion as to whether Plaintiff could return to her past relevant work.

## IV.  CONCLUSION

In short, it appears likely that Plaintiff has mental limitations that were not sufficiently addressed by her RFC and/or the hypotheticals presented to the VE.  The undersigned does not find that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971);  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).  As such, the undersigned will recommend that the Commissioner's decision be vacated and that this case be remanded for further consideration.

## V.  RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 8) be **DENIED**;  Defendant's "Motion For Judgment On The Pleadings (Document No. 9) be **DENIED**; and that the Commissioner's determination be **VACATED** and this matter be **REMANDED** for further consideration.

## VI.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will

preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenhour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 147-48 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

<u>The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.</u>

**IT IS SO RECOMMENDED**.

Signed: September 30, 2010

David C. Keesler
United States Magistrate Judge